■ MAURITZ SCHONFELD et al., Appellants, v. FRIEDA ASHARE, Defendant, and ABRAHAM BALABAN, Respondent.— In an action for specific performance of a written contract to sell real property, made by appellants and defendant, an order was made dismissing, for insufficiency, the second and third causes of action pleaded in the amended complaint against respondent. The second cause of action demands specific performance of an alleged oral agreement by respondent, a tenant in the subject premises, to surrender possession of his apartment upon the closing of title. The third cause of action seeks specific performance of an alleged agreement to surrender possession upon the ground that defendant executed the written contract as agent for respondent, her father. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ SEA GATE ASSOCIATION, Appellant, v. MAX FLEISCHER, Respondent.— In an action on implied contract, the appeal is from an order striking out the complaint, with leave to plead over omitting verbose, redundant and evidentiary allegations. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ EDWARD SMITH, Appellant, v. MAJESTIC IRON WORKS, INC., et al., Respondents.— Action to recover damages for personal injuries sustained when plaintiff fell down a stairway in a building owned by his employer, through the alleged negligence of defendants, the general contractor and a subcontractor, engaged in construction work therein. Plaintiff appeals from a judgment entered on the verdict of a jury in favor of defendants. Judgment unanimously affirmed, without costs. In our opinion, the references to workmen's compensation were unnecessary and improper but were waived by plaintiff by cross-examination of an officer of his employer with respect thereto and by calling a witness from the compensation carrier. (*Johnson* v. *Gianino*, 279 App. Div. 760.) It was error to refuse to charge, at plaintiff's request, that if two causes contribute to an accident and if defendant was responsible for only one of these causes, the defendant is nevertheless liable for the full consequences of the accident. However, on this record, the error was not prejudicial. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ HARRY STONESIFER, Appellant, v. MIRIAM POPACK et al., Respondents, et al., Defendants.— This action to recover damages for personal injuries, on the trial, was severed as to defendant Joseph Weinberg and discontinued as to defendant Samuel Popack. At the end of the plaintiff's case the court dismissed the complaint as to defendants Miriam Popack and Esther Weinberg, and plaintiff appeals from the judgment entered thereon. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.